Randy J. Cox
Natasha Prinzing Jones
John M. Newman
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
rcox@boonekarlberg.com
npjones@boonekarlberg.com
jnewman@boonekarlberg.com

*Attorneys for Defendant City of Bozeman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SOUTHWEST MONTANA BUILDING INDUSTRY ASSOCIATION, and ANDREW AND ELIZABETH STOHLMANN,<br><br>       Plaintiffs,<br>   vs.<br><br>CITY OF BOZEMAN,<br><br>       Defendant. | CV 17–40–BU–BMM<br><br>**DEFENDANT CITY OF BOZEMAN'S ANSWER** |

Defendant City of Bozeman ("the City") answers the allegations in

Plaintiffs' Complaint as follows:

1. Answering the allegations of Paragraph 1, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City admits that, by their Complaint, Plaintiffs seek the relief referenced in Paragraph 1. The Complaint speaks for itself.

2. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the same.

4. The City admits the allegations of Paragraph 4.

5. The City denies the allegations of Paragraph 5.

6. Answering the allegations of Paragraph 6, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City denies the allegations of Paragraph 6.

7. Answering the allegations of Paragraph 7, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8. Answering the allegations of Paragraph 8, they state legal conclusions to be determined by the Court and which require no response. To the extent a

response is required, the City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

10. Answering the allegations of Paragraph 10, the City admits that individuals wishing to construct residential and/or commercial structures in the City must pay proportionate impact fees as a pre-requisite to issuing a building permit for new construction, as required by City ordinance. The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same.

11. The City admits the allegations of Paragraph 11.

12. The City denies the allegations of Paragraph 12.

13. The City denies the allegations of Paragraph 13.

14. Answering the allegations of Paragraph 14, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City denies the allegations of Paragraph 14.

15. Answering the allegations of Paragraph 15, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City denies the allegations of Paragraph 15.

16. Answering the allegations of Paragraph 16, they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City denies the allegations of Paragraph 16.

17. Answering the allegations of Paragraph 17, the City admits that it collects impact fees as a pre-requisite to issuing a building permit for new construction. The City denies any remaining allegations of Paragraph 17.

18. Answering the allegations of Paragraph 18, the City admits that, since inception of its impact fee program, the City has collected millions of dollars in impact fees. The City affirmatively states that its impact fee program is a necessary and legal method for managing the increased costs imposed by new development on the City's transportation, fire protection, water, and wastewater systems.

## Jurisdiction and Venue

19. Answering the allegations of Paragraph 37,[1] they state legal conclusions to be determined by the Court and which require no response. To the extent a response is required, the City admits the allegations of Paragraph 37.

20. The City admits the allegations of Paragraph 38.

## Preliminary Allegations

21. The City admits the allegations of Paragraph 39.

---

[1] Plaintiffs omitted Paragraphs 19 through 36 from their Complaint.

22. The City admits the allegations of Paragraph 40.

23. The City admits the allegations of Paragraph 41.

24. Answering the allegations of Paragraph 42, the City admits it entered into a settlement with Plaintiff Southwest Montana Building Industry Association ("SWMBIA"), and that the settlement required the City to refund a portion of collected impact fees and to update the data underlying its impact fee program. The City affirmatively states that SWMBIA was responsible for disbursing the refunded impact fees. The City further affirmatively states that, pursuant to the April 15, 2005 Consent Decree and Judgment issued in *Southwest Montana Building Industry Association et al. v. City of Bozeman*, Cause No. DV–99–71, Montana Eighteenth Judicial District Court, Gallatin County ("the Consent Decree"), the Impact Fee Ordinance "and the level of the assessment of impact fees determined before and after the transition of the City . . . to self-government powers are valid and the Impact Fee [Ordinance] and the level of impact fees assessed are . . . authorized, properly enacted[,] and fully adjudicated as valid and legally enforceable." The City denies any remaining allegations of Paragraph 42.

25. Answering the allegations of Paragraph 43, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 43. The cited statutory provisions speak for themselves.

26. Answering the allegations of Paragraph 44, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 44. The cited statutory provisions speak for themselves.

27. Answering the allegations of Paragraph 45, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 45. The cited statutory provisions speak for themselves.

28. Answering the allegations of Paragraph 46, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 46. The cited statutory provisions speak for themselves.

29. Answering the allegations of Paragraph 47, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 47. The cited statutory provisions speak for themselves.

30. Answering the allegations of Paragraph 48, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 48. The cited statutory provisions speak for themselves.

31. Answering the allegations of Paragraph 49, they state legal conclusions which require no response. To the extent a response is required, the City denies the allegations of Paragraph 49. The cited statutory provisions speak for themselves.

32. Answering the allegations of Paragraph 50, the City admits it has enacted various amendments to Bozeman Municipal Code § 2.06.1600 et seq. (hereinafter, "the Impact Fee Ordinance") subsequent to the Montana Legislature enacting Montana Code Annotated § 7–6–1601 et seq. The City denies any remaining allegations of Paragraph 50.

33. Answering the allegations of Paragraph 51, they state legal conclusions which require no response. To the extent a response is required, the City admits that Paragraph 51 accurately sets forth subsections of Bozeman Municipal Code § 2.06.1600. The cited code provisions speak for themselves.

34. Answering the allegations of Paragraph 52, they state legal conclusions which require no response. To the extent a response is required, the City admits that Paragraph 52 accurately sets forth subsections of Bozeman Municipal Code § 2.06.1620. The cited code provisions speak for themselves.

35. Answering the allegations of Paragraph 53, the City admits it has commissioned studies to support the Impact Fee Ordinance, as required by Montana law.

36.     Answering the allegations of Paragraph 54, the City admits it collected impact fees, in accordance with the Impact Fee Ordinance, after the Montana Legislature enacted Montana Code Annotated § 7–6–1601 et seq.  The City affirmatively states that it has collected impact fees since 1996 for the purpose of managing the increased costs imposed by new development in the City on the City's systems.

37.     Answering the allegations of Paragraph 55, the City admits that Exhibit A to Plaintiffs' Complaint is a document drafted by Development, Planning & Financing Group, Inc. (hereinafter, "the DPFG report").  The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning the commissioning or issuance of the DPFG report, and therefore denies the same.  The City denies any remaining allegations of Paragraph 55.

38.     Answering the allegations of Paragraph 56, the City admits it received the DPFG report from SWMBIA.  The City affirmatively states that it invited SWMBIA members to discuss the DPFG report in person, but the City's invitation was declined.  The City denies any remaining allegations of Paragraph 56.

39.     The City denies the allegations of Paragraph 57.

40.     The City denies the allegations of Paragraph 58.

41.     The City denies the allegations of Paragraph 59.

42. The City denies the allegations of Paragraph 60.

43. The City denies the allegations of Paragraph 61.

44. The City denies the allegations of Paragraph 62.

45. The City denies the allegations of Paragraph 63.

46. The City denies the allegations of Paragraph 64.

47. The City denies the allegations of Paragraph 65.

48. The City denies the allegations of Paragraph 66.

## **COUNT 1:**

49. The City reasserts and incorporates its responses to the preceding paragraphs.

50. The City denies the allegations of Paragraph 85.[2]

51. The City denies the allegations of Paragraph 86.

52. The City denies the allegations of Paragraph 87.

53. The City denies the allegations of Paragraph 88.

54. The City denies the allegations of Paragraph 89.

55. The City denies the allegations of Paragraph 90.

56. The City denies the allegations of Paragraph 91.

57. The City denies the allegations of Paragraph 92.

58. The City denies the allegations of Paragraph 93.

---

[2] Plaintiffs omitted Paragraphs 67 through 83 from their Complaint.

59. The City denies the allegations of Paragraph 94.

60. The City denies the allegations of Paragraph 95.

## COUNT 2:

61. The City reasserts and incorporates its responses to the preceding paragraphs.

62. The City denies the allegations of Paragraph 102.[3]

63. The City denies the allegations of Paragraph 103.

64. The City denies the allegations of Paragraph 104.

65. The City denies the allegations of Paragraph 105.

66. The City denies the allegations of Paragraph 106.

67. The City denies the allegations of Paragraph 107.

## COUNT 3:

68. The City reasserts and incorporates its responses to the preceding paragraphs.

69. The City denies the allegations of Paragraph 111.[4]

70. The City denies the allegations of Paragraph 112.

71. Answering the allegations of Paragraph 113, they state legal conclusions which require no response.

---

[3] Plaintiffs omitted Paragraphs 96 through 100 from their Complaint.

[4] Plaintiffs omitted Paragraphs 108 and 109 from their Complaint.

72. The City denies the allegations of Paragraph 114.

## COUNT 4:

73. The City reasserts and incorporates its responses to the preceding paragraphs.

74. The City denies the allegations of Paragraph 121.[5]

75. The City denies the allegations of Paragraph 122.

76. Answering the allegations of Paragraph 123, the City admits that Bozeman Municipal Code § 2.06.1620(B) states "[t]he intent of this division is to ensure that new development bears a proportionate share of the cost of improvements to the city transportation, fire protection, water, and wastewater systems." The Impact Fee Ordinance speaks for itself. The City denies any remaining allegations of Paragraph 123.

77. Answering the allegations of Paragraph 124, the City admits that Bozeman Municipal Code § 2.06.1620(C) states "[i]t is the further intent of this division that new development pay for its proportionate share of public facilities through the imposition of development impact fees." The Impact Fee Ordinance speaks for itself. The City denies any remaining allegations of Paragraph 124.

78. Answering the allegations of Paragraph 125, the City admits that Bozeman Municipal Code § 2.06.1620(D) states "[i]t is not the intent of this

---

[5] Plaintiffs omitted Paragraphs 115 through 119 from their Complaint.

division to collect any money from any new development in excess of the actual amount necessary to offset new demands for transportation, fire protection, water, or wastewater improvements generated by that new development." The Impact Fee Ordinance speaks for itself. The City denies any remaining allegations of Paragraph 125.

79. The City denies the allegations of Paragraph 126.

## COUNT 5:

80. The City reasserts and incorporates its responses to the preceding paragraphs.

81. The City denies the allegations of Paragraph 132.[6]

82. The City denies each of the allegations in Plaintiffs' Prayer for Relief.

83. The City denies any allegation not specifically admitted or otherwise addressed above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to bring suit against the City.

2. The City is immune from suit for the legislative acts or omissions of its legislative body, or any member or staff of its legislative body, engaged in legislative acts. Mont. Code Ann. § 2–9–111(2).

---

[6] Plaintiffs omitted Paragraphs 127 through 130 from their Complaint.

3. Plaintiffs fail to meet the predicates to class certification under federal law.

4. Impact fees are specifically allowed by Montana law. Mont. Code Ann. § 7–6–1601 et seq.

5. The Impact Fee Ordinance complies with Montana Code Annotated § 7–6–1601 et seq.

6. The City's application of the Impact Fee Ordinance complies with Montana Code Annotated § 7–6–1601 et seq.

7. The City has adequately established a methodology and time period over which it assigns the proportionate share of capital costs for expansion of facilities to provide service to new development.

8. The City has adequately established a methodology for excluding operations and maintenance costs and correction of existing deficiencies from impact fees collected pursuant to the Impact Fee Ordinance.

9. The amount of each impact fee collected pursuant to the Impact Fee Ordinance is based upon the actual cost of public facility expansion or improvements or reasonable estimates of the cost to be incurred by the City as a result of new development.

10. The amount of the impact fees collected pursuant to the Impact Fee Ordinance are reasonably related to and reasonably attributable to individual

developments' shares of the cost of infrastructure improvements made necessary by the new developments.

11. The impact fees imposed by the City do not exceed a proportionate share of the costs incurred or to be incurred by the City in accommodating the development.

12. The City's collection and expenditure of impact fees pursuant to the Impact Fee ordinance are reasonably related to the benefits accruing to the development paying the impact fees.

13. Montana law allows the City to recoup the costs of excess capacity in existing capital facilities, provided in anticipation of the needs of new development, by requiring impact fees for those portions of the facilities constructed for future users.

14. Montana law allows the City to impose impact fees for remodeling, rehabilitation, or other improvements to an existing structure or for rebuilding a damaged structure if there is an increase in units that increase service demand.

15. There is a rational nexus between the Impact Fee Ordinance and the City's reasons for enacting the ordinance.

16. There is a rational nexus between the impact fees collected pursuant to the Impact Fee Ordinance and the City's reasons for enacting the ordinance.

17. The impact fees collected pursuant to the Impact Fee Ordinance are roughly proportionate to the impacts created by new commercial and/or residential building and development.

18. The Impact Fee Ordinance is rationally related to a legitimate government purpose.

19. Plaintiffs are judicially estopped from challenging the constitutionality and/or legality of the Impact Fee Ordinance, pursuant to the Consent Decree.

20. Plaintiffs' claims are barred by the doctrines of claim preclusion and/or issue preclusion.

21. Plaintiffs' claims are barred by the doctrines of waiver and laches, including contractual waiver based upon applicable sections of the Consent Decree.

22. Plaintiffs' claims are barred by the applicable statutes of limitations.

23. Plaintiffs' claims are barred by the 90-day limitations period provided in Bozeman Municipal Code § 2.06.1700(O).

24. No act, omission, policy, or custom of the City or its representatives violated Plaintiffs' state constitutional rights.

25. Adequate remedies exist under statutes and the common law with regard to the subject matter of Plaintiffs' state constitutional claims.

26. Plaintiffs failed to exhaust administrative remedies, as provided in Bozeman Municipal Code § 2.06.1700(J).

27. The impact fees collected pursuant to the Impact Fee Ordinance are not taxes according to state law.

28. The City is presently uncertain which affirmative defenses may apply should this case proceed to trial, and raises all of the defenses set forth above in order to preserve those defenses rather than waive them. Discovery and trial preparation may reveal that certain of the affirmative defenses are inapplicable and, should that be the case, those defenses will be withdrawn at the appropriate time.

WHEREFORE, the City requests judgment as follows:

1. For a dismissal of Plaintiffs' claims on their merits;

2. For an award of the City's lawful costs of suit expended; and

3. For such other and further relief as is just and equitable.

DATED this 21st day of July, 2017.

                                 BOONE KARLBERG P.C.

                                 /s/ Randy J. Cox
                                 Randy J. Cox
                                 Natasha Prinzing Jones
                                 John M. Newman
                                 *Attorneys for Defendant City of Bozeman*